UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| EVERETT SPENCER BARNETT | ) | |
| | ) | |
| v. | ) | NO. 2:10-CV-133 |
| | ) | |
| ROBERT H. MONTGOMERY, Jr., | ) | |
| WILLIAM ANDY KENNEDY, BARRY | ) | |
| P. STAUBUS, and MIKE MCCOY | ) | |

## MEMORANDUM & ORDER

*Pro se* prisoner Everett Spencer Barnett brings this civil rights complaint under 42 U.S.C. § 1983, asserting that his constitutional rights were violated during his state criminal proceedings. The defendants are Robert H. Montgomery, Jr., Criminal Court Judge in Sullivan County, Tennessee; William Andy Kennedy, his appointed Public Defender attorney; Barry P. Staubus, Assistant District Attorney for Sullivan County; and Mike McCoy, a detective with the Bristol, Tennessee Police Department.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Payments should be sent to: <u>Clerk,</u>

United States District Court; 220 W. Depot Street, Suite 200; Greeneville, Tennessee 37743.

To ensure compliance with the fee collection procedures outlined above, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate trust accounts at the facility wherein plaintiff is confined.

### I. Screening

A federal court presented with a prisoner's civil complaint, which is filed *in forma pauperis*, must screen it and must dismiss the case if it is frivolous or malicious, if it fails to state a claim for relief, or if a plaintiff seeks monetary relief from defendant officials who are immune from suit. *See* 28 U.S.C. § 1915A. Moreover, *pro se* pleadings are to be generously construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court examines the complaint in light of those requirements.

### II. Plaintiff's Allegations

Plaintiff alleges that, in December of 2009, defendant McCoy seized items from his vehicle, without a warrant or probable cause; falsely asserted that plaintiff had made a confession; so testified at plaintiff's preliminary hearing on January 5, 2010; and not only repeated this testimony at another proceeding on March 5, 2010, but also introduced, through his testimony, the seized items and a video from the alleged victim.

Despite plaintiff's urging, defendant Kennedy did not object; did not call favorable witnesses whose testimony would have shown that defendant McCall had perjured himself; did not withdraw from his representation of plaintiff; would not return plaintiff's phone calls, visit him, or acknowledge him until March 3, 2010, after plaintiff had filed two *pro se* motions; will not file motions that plaintiff has requested him to file; or object to what plaintiff believes are violations of

2

his rights which are being committed by defendants Montgomery, Staubus, and McCall.

Judge Montgomery refused to hear the *pro se* motions when they were filed, set a bond reduction hearing for April 23, 2010, denied plaintiff's request for a transcript of the March 3rd proceeding, and ordered him to submit to a DNA test, to which plaintiff never consented and to which he objected. Later, Judge Montgomery denied the *pro se* motions, requests for records, and requests to fire his attorney, unless he wanted to give up his right to counsel, and to have a new lawyer appointed to represent him.

Plaintiff was indicted by a Grand Jury, which heard only testimony from defendant McCall. At the bond reduction hearing, plaintiff's bond was not lowered, nor was he released on an O.R. bond. His attorney objected to none of these things. Plaintiff feels that he is without any rights because he has been charged with a sex crime. For these alleged infringements of his rights, plaintiff seeks a new lawyer who will honor his client's request to present his case fairly, an answer from defendants, and monetary damages to compensate him for the mental anguish, embarrassment, and other problems, including those with which his wife has had to contend as a result of defendants' actions.

### III. Discussion

The Court infers that plaintiff is asking this Court to intercede in the state court proceedings, but unfortunately for plaintiff, the action must be dismissed because the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

Plaintiff's criminal proceedings are pending in the state court. Plaintiff may attack what he sees as charges occasioned by multiple violations of his rights and a state criminal case rife with constitutional violations. Were this Court to find in plaintiff's favor that the rights alleged had been violated, this ruling undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so.

Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by affording him the relief he seeks.

In light of the foregoing, the plaintiff's claims are **DISMISSED** without prejudice to his right to raise them respectively in a petition for habeas corpus relief after he exhausts his state remedies or in a civil rights action after his conviction has been legally eliminated.

### IV. Conclusion

The Court **FINDS**, that this lawsuit falls within the scope of the *Younger* doctrine and that, on this basis, this case must be **DISMISSED**.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

Case 2:10-cv-00133-JRG-DHI   Document 6   Filed 02/14/12   Page 4 of 4   PageID #: 20